IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-04163-TPO

RANDI RONALDO HERNANDEZ MURILLO,

      Petitioner,

v.

JUAN BALTASAR, Warden,
Denver Contract Detention Facility (Aurora);

ROBERT HAGAN, Denver Field Office Director,
U.S. Immigration and Customs Enforcement,

KRISTI NOEM, Acting Secretary,
U.S. Department of Homeland Security,

PAMELA BONDI, U.S. Attorney General, and

TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement,

in their official capacities,

      Respondents.

---

## ORDER

---

**Timothy P. O'Hara, United States Magistrate Judge.**

    This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] filed by Petitioner. The Parties have consented to this Court's jurisdiction, ECF 7, and Chief U.S. District Judge Philip A. Brimmer referred the matter to this Court "for all purposes pursuant to 28 U.S.C. § 636(c)." ECF 14. This Court issued an Order to Show Cause [ECF 8] to which Respondents responded [ECF 15]. Petitioner did not file a Reply. The Petition is fully briefed and ripe for review. Because the Court determines that the Petitioner's challenge is fundamentally legal

in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having reviewed the Petition and its briefing and having reviewed the relevant case law, the Court **grants** the Petition as to Claim One and Claim Three.

## FACTUAL BACKGROUND

Petitioner is a citizen of Mexico who last entered the United States in February of 2019. ECF 1 ¶ 33. He asserts that he is married and has one United States citizen child that is less than one year old. *Id*. He "works to support his wife and child," and "has lived a responsible and law-abiding life in the U.S. for the last six years." *Id.* He has no criminal history beyond traffic tickets. *Id.*

On November 4. 2025, Immigration and Customs Enforcement (ICE) officers identified and arrested Petitioner at his home. ECF 1 ¶ 34. Soon thereafter, Respondents commenced removal proceedings, *id*. ¶ 35, and transferred him to the ICE Processing Center in Aurora, Colorado, where he remains detained, *id.* ¶ 1.

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2241(c)(3). It is undisputed that Petitioner has been in immigration custody in the District of Colorado since November 4, 2025. ECF 1 ¶ 34. "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

## ANALYSIS

### I.     Detention Under 8 U.S.C. § 1225 or § 1226

Counts One and Three of the Petition claim that Respondents failed to comply with the Immigration and Nationality Act (INA) and are unlawfully subjecting him to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). ECF 1 ¶¶ 38-39, 46. Petitioner argues that because he has been present and living in the United States for years, his detention is proper under 8 U.S.C. § 1226(a),[1] and thus he is entitled to a bond hearing. *Id.* ¶¶ 38, 46.

As acknowledged by the government, ECF 15 at 1, this Court has already addressed this issue in a case with similar facts. *See Colindres Carmona v. Ceja*, No. 25-cv-04061-TPO, ECF No. 22. There, this Court held that the petitioner was detained under 8 U.S.C. § 1226(a) and not under 8 U.S.C. § 1225(b)(2)(A) and thus entitled to a bond determination hearing. *Id.* at 9. The government still disagrees with that ruling, but rather than rehashing its argument as part of this case, it submits an "abbreviated response" and reserves its right to appeal this Court's decision. ECF 15 at 2. The government concedes that based on this Court's prior ruling in *Colindres Carmona*, it "may lead the Court to reach the same result here, as the facts of the case are not materially distinguishable from that case . . ." *Id.* at 3. The government is correct, and this Court finds, as it did in *Colindres Carmona*, that Petitioner is being detained subject to 8 U.S.C. § 1226(a) and is thus entitled to a bond determination hearing.

---

[1] Petitioner also argues that he is a part of the Bond Eligible Class established in *Maldonado Bautista v. Santacruz,* No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (order certifying Bond Eligible Class), as amended by *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). As noted recently in *Bah v. Noem*, Petitioner's potential membership in the *Maldonado Bautista* class does not affect this Court's ability to adjudicate the present petition. No. 26-cv-00039-CNS, 2026 WL 205642, at *1 n.1 (D. Colo. Jan, 27, 2026).

The detention of noncitizens prior to a final order of removal is governed by two sections of the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings v. Rogriguez*, 583 U.S. 281, 287 (2018)). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portrillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025)).

By contrast, § 1226(a) does not mandate detention. It states that a noncitizen, "[o]n a warrant issued by the Attorney General," may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the individual. *Id.* (citing 8 U.S.C. § 1226(a)).[2] Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

---

[2] The Court notes that Petitioner alleges he was never presented with a warrant prior to his arrest. ECF 1 ¶ 34. Section § 1226(a) authorizes detention "only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest." *Jennings*, 583 U.S. at 302. However, Petitioner does not challenge DHS's adherence to federal regulations which only authorize detention of non-citizens following warrantless arrests in certain circumstances, *see* 8 C.F.R. § 287.3, nor does he confirm that the arrest, in fact, was warrantless. As a result, the Court affords little weight to Plaintiff's characterization of his arrest as warrantless. ECF 1 ¶¶ 1, 43; *see Fernando C.C. v. Bondi*, No. 26-cv-1235 (LMP/JFD), 2026 WL 446408, at *2 (D. Minn. Feb. 17, 2026) (discussing statutory framework for warrantless arrests under the INA).

The crux of the issue is under which section Petitioner's detention should be considered. This Court finds U.S. District Judge Nina Y. Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at *5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at *6. Noncitizens who have been living in the country for years are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos*, 2025 WL 2496379, at *6). This is Petitioner's situation. He has demonstrated an established presence in the United States by living in this country for the last six years.

The principal thread of Respondents' argument is that all noncitizens that entered the country without permission should be deemed "applicants for admission," regardless of how long these noncitizens have been present in the country. ECF 15 at 2. Respondents claim that *Jennings* supports their conclusion. *Id.* (citing *Jennings*, 583 U.S. at 287). This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes and noted "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *3 (D. Colo. Jan. 26, 2026) (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez* not in *Jennings*).

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking admission under § 1225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos*

5

*v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich, Aug. 29, 2025)). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for as long as Petitioner. In fact, "federal district courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650, at *5 (collecting cases).

The Respondents point out that a limited number of courts have supported Respondents' position. *See* ECF 15 at 2 (citing *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Montoya v. Holt*, No. 25-cv-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025)). However, as U.S. District Judge Charlotte N. Sweeney explains in *Singh v. Baltazar*, No. 26-cv-00336-CNS, at 7-13 (D. Colo. Feb. 9, 2026), *Buenrostro-Mendez* is neither controlling nor persuasive. Because neither the Supreme Court nor the Tenth Circuit have yet weighed in on this issue, this Court finds more persuasive the great weight of authority in this Circuit and throughout the country that have interpreted §§ 1225(b) and 1226(a) and have concluded that they do not support the mandatory detention of noncitizens in Petitioner's circumstances.

As a result, this Court orders that Petitioner receive a bond hearing consistent with 8 U.S.C. § 1226(a). Respondents concede this as the appropriate remedy based on this Court's determination. ECF 15 at 4.

## II. Petitioner's Remaining Claims for Relief

Because this Court is granting the habeas petition and ordering a bond determination hearing pursuant to § 1226(a), this Court declines to address the remaining Counts. This Court intends to review the Parties' forthcoming Status Report, discussed below, regarding the outcome of the bond determination hearing and may entertain reinstating these alternative grounds for relief

if necessary. Finally, because the Court has considered Counts One and Three on the merits and has afforded the requested relief, the Court declines to consider whether *Maldonado Bautista* can provide grounds for relief. *See Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026) (declining to consider *Maldonado Bautista*-related claim); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *4 n.2 (D. Colo. Feb. 4, 2026) (same).

## <u>CONCLUSION</u>

This Court agrees with Petitioner that 8 U.S.C. § 1226(a) governs his detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

The Respondents shall conduct the appropriate bond hearing within seven days of the date of this Order. *See Portillo Martinez*, 2026 WL 194163 at *2 (ordering respondents to provide a bond hearing within seven days of the court's order granting the habeas petition); *Loa Caballero*, 2025 WL 2977650, at * 1 (same); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (same). The Court declines to order Petitioner's release at this time because release under 8 U.S.C. § 1226(a) is discretionary, and because the immigration judge is in a better position to decide between detention or release in the immigration context, *Portillo Martinez*, 2026 WL 194163, at *5 (finding that an immigration judge is better suited to determine the issue of detention). The government will bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk. *Hernandez v. Baltazar*, No. 26-cv-00276-WJM-TPO, 2026 WL 304362, at *4 (D. Colo. Feb. 5, 2026). For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Counts One and Three;

2)  Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) within seven days of this Court's order, *i.e.*, **by March 16, 2026**; and

3)  On or before **March 20, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied. At that time, the Court will review the report and determine whether further proceedings in this Court are necessary.

SO ORDERED.

DATED at Denver, Colorado, this 9th day of March, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge